IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No 16-cv-02186-RBJ

MARIE BARAJAS,

    Plaintiff,

v.

GARY M. WEISS, M.D.,

    Defendant.

---

ORDER

---

This matter is before the Court on Defendant Gary Weiss' Motion for Summary Judgment, ECF No. 55, and Motion to Transfer Venue, ECF No. 60. For the reasons below, the Court DENIES these motions.

## I. BACKGROUND

On May 4, 2009 Plaintiff Marie Barajas visited the medical office of Defendant Gary Weiss, M.D., for an appointment concerning her bilateral leg numbness. ECF No. 1 at ¶ 17. Dr. Weiss ordered several MRIs and performed a series of tests, and on June 4, 2009 he informed Ms. Barajas that he highly suspected that she had multiple sclerosis ("MS"). *Id.* at ¶ 22. Throughout the summer of 2009, Ms. Barajas underwent a lumbar puncture and several more MRIs, and on August 31, 2009 Dr. Weiss told Ms. Barajas—who was then only 28 years old— that she had relapsing and remitting MS, a permanent and debilitating disease with no known

1

cure.  *Id.* at ¶¶ 24, 26–29, 32.  From August 31, 2009 until August 19, 2013, Ms. Barajas received continuous treatment from Dr. Weiss for her MS.  *Id.* at ¶ 34.  This treatment included daily oral medications, daily injections, and 21 additional MRI scans.  *Id.* at ¶¶ 35–39.  Dr. Weiss conducted each of these MRIs with a machine that he owned, and he interpreted each of the scans himself.  *Id.* at ¶ 40.

On July 17, 2013 Dr. Weiss sold his medical practice, including the MRI machines, to Dr. Mark Pithan.  *Id.* at ¶ 41.  Ms. Barajas presented for an appointment with Dr. Pithan on October 15, 2013 but continued her treatment as prescribed by Dr. Weiss.  *Id.* at ¶¶ 42, 43.  However, on April 4, 2014 Dr. Pithan discontinued Ms. Barajas' MS medication regime, and on May 13, 2014 Dr. Pithan questioned Dr. Weiss' diagnosis of MS and recommended that Ms. Barajas get a second opinion.  *Id.* at ¶ 44.

On June 18, 2014 Ms. Barajas sought a second opinion from Dr. John Corboy, who noted that he was evaluating Ms. Barajas because Dr. Pithan was "concerned [that] the [diagnosis of] MS is inaccurate."  *Id.* at 7.  Without reviewing any MRI imaging, Dr. Corboy opined that Ms. Barajas' medical history, physical exam, and lab analyses were most consistent with multiple somatic complaints.  ECF No. 55 at ¶¶ 6–8.  On August 29, 2014 Ms. Barajas presented to Dr. Kristen Graesser for a third opinion, and Dr. Graesser noted that after an "extensive review of [Ms. Barajas'] previous records, review of the MRI images, and personal review of her history . . . there is no clinical evidence of multiple sclerosis.  Having had 2 negative lumbar punctures, the diagnosis is even less likely."  ECF No. 1 at ¶¶ 46, 50.

On September 22, 2014 Dr. Weiss entered into a settlement with the Colorado Medical Board after a different patient complained about his treatment of their relapsing and remitting

MS. *Id.* at ¶ 15. Dr. Weiss agreed to never again renew his license to practice medicine in the State of Colorado. *Id.*

On August 29, 2016 Ms. Barajas filed her complaint against Dr. Weiss in this case. ECF No. 1. She alleges that she has suffered numerous side effects due to the MS medications, including but not limited to: fatigue, sensitivity to heat, night sweats, coughing, wheezing, lipoatrophy, scarring, and poor cognition. *Id.* at ¶ 52. Further, she alleges she suffered from anxiety, depression, and poor sleep due to her belief that she had MS. *Id.* at ¶ 53.

On October 26, 2017 Dr. Weiss moved for summary judgment, ECF No. 55, and on December 21, 2017 he moved to transfer the case to the Middle District of Florida, where he now resides and practices medicine. ECF No. 60. The motions have been fully briefed and are ripe for review.

## II. STANDARD OF REVIEW

The Court may grant summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material if under the substantive law it is essential to the proper disposition of the claim." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (internal quotation marks and citation omitted). An issue of material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party has the burden to show that there is an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The nonmoving party must "designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324 (citation omitted).

# III. ANALYSIS

## A. <u>Motion for Summary Judgment</u>.

In his motion for summary judgment, Dr. Weiss asserts that Ms. Barajas' claims are barred by both the Colorado statute of limitations and the statute of repose. ECF No. 55. After reviewing the briefing and relevant law, I DENY Dr. Weiss' motion for summary judgment. My reasoning is explained below.

### 1. *Statute of Limitations*.

Dr. Weiss first argues that Ms. Barajas' claims are barred by Colorado's two-year statute of limitations for tort actions against health care professionals. *See* C.R.S. § 13-80-102.5(1). The statute of limitations does not begin to run until "both the injury and its cause are known or should have been known by the exercise of reasonable diligence." C.R.S. § 13-80-108. Here, the parties disagree about the date on which the injury and its cause were known or should have been known to Ms. Barajas by the exercise of reasonable diligence. Dr. Weiss asserts that Ms. Barajas' claims accrued on April 4, 2014 when Dr. Pithan told Ms. Barajas to stop taking her MS medication, but that Ms. Barajas did not file her complaint until over two years later on August 29, 2016. ECF No. 55 at 3. However, Ms. Barajas argues that she first became aware of Dr. Weiss' misdiagnosis on August 29, 2014 when she saw Dr. Graesser, and that as such that is the trigger date for the statute of limitations. ECF No. 61 at 5. Under Dr. Weiss' timeline, Ms. Barajas' claims would be time-barred by the statute of limitations, but under Ms. Barajas' timeline they would not. As such, the date on which Ms. Barajas' cause of action accrued is a genuine fact issue for the jury. Therefore, I DENY summary judgment on Dr. Weiss' statute of limitations argument.

## 2. Statute of Repose

Dr. Weiss next argues that the statute of repose bars Ms. Barajas' claims. ECF No. 55 at 4–17. Under Colorado law, all tort actions against health care professionals are subject to a three-year statute of repose. C.R.S. § 13-80-102.5(1). Dr. Weiss argues that because the act or omission that forms the basis of Ms. Barajas' claims (the alleged misdiagnosis) occurred on August 31, 2009—almost seven years before the complaint was filed—Ms. Barajas is barred by the statute of repose. ECF No. 55 at 4. Alternatively, Dr. Weiss argues that even if the "trigger date" for the statute of repose is instead the last date on which she saw Dr. Weiss (August 19, 2013), Ms. Barajas would still be time-barred by the three-year statute of repose because she did not file her complaint until August 29, 2013. *Id.* at 5.

Ms. Barajas makes two arguments in response. First, she argues that under the continuous treatment doctrine, the statute of repose clock did not begin to run until the last day on which she received treatment for MS, which was August 29, 2014. *See Comstock v. Collier*, 737 P.2d 845, 848 (Colo. 1987) (holding under the version of the statute that was in effect in 1982 that the three-year statute of repose does not begin to run "until the final act constituting the treatment" for a particular condition). Second, Ms. Barajas asserts that the exceptions in C.R.S. § 13-80-102.5 apply to the statute of repose, meaning that Ms. Barajas can maintain her claims even if the repose clock started ticking more than three years prior to her complaint being filed. ECF No. 61 at 13. Specifically, Ms. Barajas argues that a genuine issue of fact exists as to whether exceptions (3)(a) and/or (3)(c) apply to the facts of this case and therefore except her claim from the statute of repose. *Id.* at 16–18.

Dr. Weiss asserts that the statute's exceptions are inapplicable to the statute of repose, and instead apply only to the statute of limitations. The statute reads, in relevant part:

> 13-80-102.5. Limitation of actions – medical or health care.
>
> **(1)** *Except as otherwise provided in this section* or section 25.5-4-307, C.R.S., no action alleging negligence, breach of contract, lack of informed consent, or other action arising in tort or contract to recover damages from any . . . any health care professional . . . shall be maintained unless such action is instituted within two years after the date that such action accrues pursuant to section 13-80-108(1), *but in no event shall an action be brought more than three years after the act or omission which gave rise to the action.*
>
> . . .
>
> **(3)** The limitation of actions provided in subsection (1) of this section shall not apply under the following circumstances:
>
> **(a)** If the act or omission which gave rise to the cause of action was knowingly concealed by the person committing such act or omission, in which case the action may be maintained if instituted within two years after the person bringing the action discovered, or in the exercise of reasonable diligence and concern should have discovered, the act or omission; or
>
> . . .
>
> **(c)** If both the physical injury and its cause are not known or could not have been known by the exercise of reasonable diligence.

C.R.S. § 13-80-102.5 (emphasis added).

After reviewing the plain text of the statute, I find that the listed exceptions in C.R.S. § 13-80-102.5(3) apply to both the two-year period of limitation *and* the three-year period of repose contained in subsection (1). Subpart (3) notes that "[t]he limitation of actions provided in subpart (1) of this section shall not apply" if any of three exceptions applies. Although we sometimes describe the two parts of subsection (1) as a "statute of limitations" and a "statute of repose," neither the word "limitations" nor the

6

word "repose" is found within subsection (1). Rather, the subsection defines the statutory limitation of actions against medical or other health care providers "except as otherwise provided in this section." Thus, while the language "but in no event shall an action be brought more than three years after the act or omission which gave rise to the action" by itself, speaks of an absolute bar, one must also consider the exceptions set forth later in the section, i.e., subsection (3). The plain language of subsection (3) does not state that it applies only to the two year period. Rather, it applies to "the limitation of actions provided in subsection (1)." If the General Assembly wanted to limit the exceptions to the two-year limitation period it could have done so.

Dr. Weiss notes that the exceptions clause is introduced with the phrase "*limitation* of actions," and he argues that this means that it only applies to the two-year period. The conclusion does not follow from the premise. Section 13-80-102.5 as a whole defines the statutory limitation on when an action may be filed against a health care professional, and must be interpreted as a whole.

I am further persuaded by a decision of the late District Judge Figa in *Jones v. United States*, this Court determined that the "three-year period of repose [in C.R.S. § 13-80-102.5] is subject to three exceptions." No. 05-cv-00369-PSF-CBS, 2006 U.S. Dist. LEXIS 50200, *10–11 (D. Colo. July 24, 2006). The Court then applied the exceptions in subpart (3) to the facts of the case to determine whether the plaintiff was excepted from the otherwise expired three-year repose period. *Id.*

Therefore, understanding that the exceptions in subpart (3) apply to the three-year period of repose, I find that Ms. Barajas has presented sufficient evidence to create a

genuine issue of fact as to whether exception (3)(a) or (3)(c) applies. Subpart (3)(a) excepts from the statute of repose any tortious conduct that was knowingly concealed by a health care professional. C.R.S. § 13-80-102.5(3)(a). Viewing the evidence in the light most favorable to Ms. Barajas, a jury could conclude that Dr. Weiss knowingly concealed his misdiagnosis of Ms. Barajas based upon his alleged pattern and practice of misdiagnosing other patients with MS and then being subject to official complaints for said misdiagnoses. *See* ECF No. 61 at 17 (referencing exhibits 5, 8, 9, 10).[1] If a jury were to find that to be true, the exception in (3)(a) would apply, and Ms. Barajas' claims would not be time-barred by the period of repose under any of the proposed trigger dates.

Further, Subpart (3)(c) excepts from the statute of repose any causes of action where "both the physical injury and its cause are not known or could not have been known by the exercise of reasonable diligence." C.R.S. § 13-80-102.5(3)(c). Again, viewing the evidence in the light most favorable to Ms. Barajas, a jury could find that the misdiagnosis was either unknown to or could not have been known to Ms. Barajas by the exercise of reasonable diligence. The exception in (3)(c) would then apply, and Ms. Barajas' claims would not be time-barred by the period of repose. As such, Dr. Weiss' motion for summary judgment is DENIED.

**B. Motion to Transfer Venue.**

Dr. Weiss also requests that this Court transfer venue to the Middle District of Florida pursuant to 28 U.S.C. § 1404(a). ECF No. 60. Section 1404(a) provides that a district court may

---

[1] There are four other actions pending in this district against Dr. Weiss by patients claiming that he misdiagnosed them as having MS. Civil Action Nos. 16-cv-2115-PAB-MJW; 16-cv-2116-PAB-KLM; 16-cv-2188-WYD-STV; and 17-cv-57-WYD-MEH.

transfer a civil action to any other district where it may have been brought or to a district to which all parties consent. Dr. Weiss notes that he suffers from coronary artery disease and increased blood clotting, which apparently make being at a high altitude dangerous to his health. ECF No. 60 at 4. Indeed, one of Dr. Weiss' doctors has advised him to not travel to destinations located at more than 5,000 feet above sea level. *Id.* at 3. The District of Colorado sits at 5,280 feet above sea level.

"Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991) (citing *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)). I find that convenience and fairness dictate that this case remain in the District of Colorado. The conduct giving rise to Ms. Barajas' alleged injuries occurred in Colorado when Dr. Weiss practiced medicine here. Ms. Barajas lives in Colorado. The lawyers are based in Colorado. Presumably many of the witnesses reside in Colorado. There is no connection to Florida except that Dr. Weiss moved there. Dr. Weiss claims he did so because of his health, although the Court notes that he was forced to surrender his Colorado medical license. In any event, the case will remain in the District of Colorado. If Dr. Weiss cannot or will not come to Colorado for health reasons, he can participate by video conferencing. As such, Dr. Weiss' motion to transfer, ECF No. 60, is DENIED.

**ORDER**

For the aforementioned reasons, Dr. Weiss' motions for summary judgment and for transfer of venue are DENIED. ECF Nos. 55, 60.

DATED this 2nd day of February, 2018.

BY THE COURT:

R. Brooke Jackson
United States District Judge